RECEIVED
IN LAKE CHARLES, LA

APR 13 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| TENNESSEE GAS PIPELINE CO. | : | DOCKET NO. 05-1167 |
| VS. | : | JUDGE TRIMBLE |
| 20.87 ACRES OF LAND, MORE OR LESS, DENNIS RYAN BLALOCK, MARY ELIZABETH ROBERTS BLALOCK, AND LA BOKAY CORP. | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Before the Court is a "Motion for Summary Judgment by Defendant, La Bokay Corporation" (doc. #25) and "Plaintiff's Motion to Strike Defenses and to Set Schedule for Compensation Trial" (doc. #23). Plaintiff's motion asserts that pursuant to Rule 71A of the Federal Rules of Civil Procedure, the defenses of La Bokay Corp. ("La Bokay") are inadequate as a matter of law and must be stricken. Defendant's motion asserts that pursuant to Rule 56 of the Federal Rules of Civil Procedure, there is no genuine issue of material fact and as a matter of law, La Bokay is entitled to a dismissal. The Court will consider both motions in this ruling.

## PROCEDURAL HISTORY

On or about June 30, 2005, Tennessee Gas Pipeline Company ("Tennessee Gas") filed the instant "Complaint to Confirm Condemnation of Property and for Just Compensation". On that same day, Judge Patricia Minaldi signed an Order reserving judgment adjudicating ownership of a permanent servitude to Tennessee Gas for entry when the merits of all remaining issues were determined. The Order also provided that Tennessee Gas would not be disturbed in its possession and use of the relevant servitude pending the Court's determination of the compensation issues. The Order

granted Defendants 30 days to oppose the condemnation of the servitude. Pursuant to an ex parte motion, an extension was granted to Defendant, La Bokay within which to file an answer and its opposition. On August 26, 2005, La Bokay[1] filed its answer and opposed Tennessee Gas' claim for confirmation of the prior condemnation of the servitude and also opposed Tennessee Gas' alternative claim for condemnation. The case was then reassigned to the undersigned.

## FACTUAL STATEMENT

On or about July 5, 1955 Tennessee Gas' predecessor and La Bokay's ancestor-in-title executed a "Servitude Agreement" which granted Tennessee Gas the right to construct, operate and maintain a pipeline across a servitude area ("Servitude Area") that crosses La Bokay's lands in Calcasieu Parish. The Servitude Agreement expired pursuant to its own terms in 2005. The parties began negotiating a new servitude agreement in the summer of 2005. Tennessee Gas filed the instant suit on June 30, 2005. A new Servitude Agreement was executed on August 9, 2005 which provides Tennessee Gas with a servitude "for the purpose of operating, maintaining, altering, repairing, replacing .. and removing" the pipeline across the Servitude Area for 61 years, until May 31, 2066 (the "2005 – 61 Year Contract").

## LAW AND ANALYSIS

Tennessee Gas admits that it acquired a servitude on the property for a term of sixty-one years in accordance with the terms and conditions of the Servitude Agreement. However, it seeks to confirm a permanent servitude on the property, or in the alternative, a condemnation of a permanent servitude thereon. Tennessee Gas argues that the fact that it has acquired through contract a term right of way through the Servitude Agreement does not bar it from obtaining judicial confirmation of a permanent

---

[1] Through its agent, Meriwether Louisiana Land & Timber, LLC.

2

servitude on the same property or, in the alternative, from condemnation of a permanent servitude.

Tennessee Gas relies on Title 15 § 717f(h) of the United States Code which is as follows:

> **Right of eminent domain for construction of pipelines, etc.**
> When any holder of a certificate of public convenience and necessity cannot acquire by contract, or is unable to agree with the owner of property to the compensation to be paid for, the necessary right-of-way to construct, operate, and maintain a pipe line or pipe lines for the transportation of natural gas, and the necessary land or other property, in addition to right-of-way, for the location of compressor stations, pressure apparatus, or other stations or equipment necessary to the proper operation of such pipe line or pipe lines, it may acquire the same by the exercise of the right of eminent domain in the district court of the United States for the district in which such property may be located, or in the State courts. . . .

Tennessee Gas maintains that the Servitude Agreement only conveys an easement for the 61 years remaining leasehold interest term of Meriwether and does not convey a permanent servitude upon the fee interest of La Bokay. Without supporting authority, Tennessee Gas contends that this Court must adjudicate that interest and determine compensation due La Bokay for a servitude running in perpetuity from May 31, 2066. We disagree.

The clear language of the statute states that the right of eminent domain is available when the holder of a certificate of public convenience *cannot acquire by contract, or is unable to agree with the owner of property to the compensation to be paid for, the necessary right-of-way to construct, operate, and main a pipe line or pipe lines* . . . . It is undisputed that Tennessee Gas has acquired from La Bokay by contract the necessary servitude to construct, operate and maintain the Pipeline across the Servitude Area for 61 years. Tennessee Gas has not provided this Court with any law or supporting authority that would mandate that we grant a judicial condemnation of a permanent servitude when the parties have in fact executed a contract - albeit for only 61 years, which gives Tennessee Gas the necessary servitude to operate, maintain, repair, replace and remove the pipeline.

3

Nor has Tennessee Gas provided any law or supporting authority that would require us to grant a permanent servitude that would commence at the expiration of the current 61 year Servitude Agreement.

Furthermore, this Court finds that the *St. Julien Doctrine* and Louisiana Revised Statute 19:14 does not apply in a situation where the landowner or his agent has executed by contract a servitude or right-of-way. It is undisputed that in 1955, Tennessee Gas' predecessor constructed, operated and maintained this pipeline across the Servitude Area pursuant to a contract with La Bokay's ancestor-in-title. Upon expiration of the 1955 Agreement which expired in 2005, Tennessee Gas and La Bokay entered into the existing 61 year Servitude Agreement which provides Tennessee Gas with a servitude "for the purpose of operating, maintaining, altering, repairing, replacing . . . and removing the pipeline until May 31, 2066. Accordingly, because the parties have in fact executed by contract a servitude and there is no dispute as to compensation, neither 15 U.S.C. § 717f(h), nor Louisiana Revised Statute 9:14 is applicable.

## CONCLUSION

Based on the foregoing, there being no genuine issue of material fact, the motion for summary judgment filed by defendant, La Bokay will be granted and the motion to strike defenses filed by Tennessee Gas Pipeline Company will be denied.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 13th day of April, 2006.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE